IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BROCK WILSON, #04711-087                                              PETITIONER

VERSUS                                        CIVIL ACTION NO. 5:07-cv-96-DCB-MTP

CONSTANCE REESE, Warden FCI-Yazoo City                          RESPONDENT

### MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner

Brock Wilson, an inmate at the Federal Correctional Institution-Yazoo City, Mississippi, filed this

petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  After reviewing the petition, the

Court has come to the following conclusions.

Background

Petitioner was convicted of the crime of conspiracy to distribute oxycodone in violation

of 21 U.S.C. §§ 846 and 841(b)(1)(c), in the United States District Court for the Northern

District of West Virginia.  On August 10, 2004, Petitioner was sentenced to serve sixty-three

months in the custody of the Bureau of Prisons (BOP).

Petitioner complains that the BOP has incorrectly classified him as ineligible for early

release consideration.  Petitioner states that he will complete the Residential Drug Abuse

Program (RDAP) in July, at which time he will have eight months remaining on his sentence.

Petitioner argues that he should be considered for and granted a sentence reduction, resulting in

his release upon completion of the RDAP.  Petitioner asserts that the BOP is denying him the

eligibility for a sentence reduction because his sentence contains a two- point enhancement for

possession of a weapon at the time of his offense.  Petitioner completed the administrative

remedy program of the BOP, wherein he was denied relief.

Analysis

According to 18 U.S.C. § 3621(e)(2)(B), the Bureau of Prisons may reduce sentences for inmates with convictions for nonviolent offenses up to one year when they successfully complete a treatment program.   In *Lopez v. Davis*, 531 U.S. 230 (2001), the United States Supreme Court upheld the BOP regulation which categorically excludes inmates who possessed a firearm in connection with their nonviolent offense from early release consideration, as a permissible exercise of the Bureau's discretion under § 3621(e)(2)(B).   The Supreme Court further stated that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau  has the authority, *but not the duty*, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."  *Id.* at 241 (emphasis added).  Consequently, this Court finds that Petitioner's claim for habeas relief is not cognizable in light of the *Lopez* decision.

Accordingly, this case will be dismissed, with prejudice.  A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the   11ᵗʰ   day of June, 2007.


                                    s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE